

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 17, 1967

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas

Opinion No. M-106

Re: Whether the County Cler
pursuant to Article 556
Vernon's Civil Statutes
is required to approve
file public Warehouseme
bonds, and certain othe
questions relating to t
duties of the County Cl

Dear Mr. Resweber:

You have requested the opinion of this office upon numer
questions dealing with the duties of the County Clerk in connectio
with the bonds and certificates required of public warehousemen pu
suant to the provisions of Article 5569, Vernon's Civil Statutes.

The first question you have posed is set forth as follow

"(1) Is the County Clerk required by statute
to perform the duties set out in the form letter,
a copy of which is attached, signed by Mr. R. T.
Williams, Director, Consumer Service Division,
Texas Department of Agriculture?"

In connection with the foregoing question, you have stated that
the form letter from the Texas Department of Agriculture indicates
that the County Clerk has the following duties in regard to the
bonds and certificates of public warehousemen:

"(1) To send copies of all certificates of
Public Warehousemen, issued by the Clerk, to the
Texas Department of Agriculture;

"(2) To notify the Texas Department of Agri-
culture of all notifications received by the Clerk
that a Public Warehouseman bond has been canceled;

"(3)  To keep on file in the Clerk's Office all Public Warehouseman Bonds filed therein."

Prior to the enactment of the Uniform Commercial Code, which became effective on June 30, 1966, the provisions of Article 5569 and Article 5661, Vernon's Civil Statutes, set forth certain duties and requirements in connection with bonds and certificates of public warehousemen.  Article 5661 required public warehousemen to file a bond in the amount of $5,000.00 with the County Clerk in the county where he intended to do business.  Article 5661 also provided that the County Clerk was to certify the filing of the bond to the Commissioner of Agriculture, and in addition, Article 5661 provided that the Commissioner of Agriculture would prescribe the form of the bond to be used, and that such bond should be good for a period of one year from the date of filing.  However, Section 10-102 of the Uniform Commercial Code repealed Article 5661, and as a result the only statutory provisions now remaining in connection with the bonds and certificates of public warehousemen are found in Article 5569.  Such provisions are set forth as follows:

"The owner, proprietor, lessee or manager of any public warehouse, whether an individual, firm or corporation, before transacting any business in such public warehouse shall procure from the county clerk of the county in which the warehouse or wharehouses are situated, a certificate that he is transacting business as a public warehouseman under the laws of the State of Texas, which certificate shall be issued by said clerk upon a written application, setting forth the location and name of such warehouse or warehouses, and the name of each person, individual or a member of the firm, interested as owner or principal in the management of the same, or, if the warehouse is owned or managed by a corporation, the name of the president, secretary and treasurer of such corporation shall be stated, which application shall be received and filed by such clerk and preserved in his office, and the said certificate shall give authority to carry on and conduct the business of a public warehouse and shall be revocable only by the district court of the county in which the warehouse or warehouses are situated, upon a proceeding before the court, by written petition of any person, setting forth the particular violation of the law, and upon process, procedure and proof, as in other civil cases.  The person receiving a certificate, as

herein provided for, shall file with the county
clerk granting same, a bond payable to the State
of Texas, with good and sufficient surety, to be
approved by said clerk, in the penal sum of five
thousand dollars, conditioned for the faithful
performance of his duty as a public warehouseman,
which bond shall be filed and preserved in the office
of such county clerk."

After a study of the foregoing statutory provisions,
we are of the opinion that Article 5569 places no-duty upon the
County Clerk to send copies (of the certificates issued to public
warehousemen) to the Texas Department of Agriculture or to notify
the Texas Department of Agriculture of any notification received
by the County Clerk in connection with a public warehouseman's
bond. However, we are of the opinion that the County Clerk is
required by Article 5569 to file and preserve those public ware-
houseman bonds filed with the County Clerk.

The second question you have posed is set forth as
follows:

"(2) If the first question is answered in
the negative in whole or in part, does the Commis-
sioner of the Texas Department of Agriculture
have the authority to prescribe such duties?"

While the provisions of Article 5611, Vernon's Civil
Statutes, and Article 5577a, Vernon's Civil Statutes, give to
the Commissioner of Agriculture of the Texas Department of Agri-
culture extension duties and authority in connection with various
types of warehouse operations, we are of the opinion that such
general statutory provisions do not give the Commissioner of
Agriculture the authority to prescribe duties for the County Clerks
concerning bonds and certificates of public warehousemen over and
above those duties required of the County Clerks by virtue of
Article 5569.

However, the fact that the County Clerk has no mandatory
duty concerning bonds and certificates of public warehousemen,
other than those duties set forth in Article 5569, would not pre-
clude the County Clerk from furnishing certain information or
assistance to the Commissioner of Agriculture if the County Clerk
so desired.

The third question you have posed is set forth as
follows:

"(3) Is the County Clerk under a duty to approve bonds of public warehousemen only when such bonds are filed on a form prescribed by the Commissioner of the Texas Department of Agriculture, and to reject such bonds filed on other forms?"

Prior to the enactment of the Uniform Commercial Code, the provisions of Article 5661 set forth certain requirements in connection with the bond required of public warehousemen. One of these requirements was that the form of the bond was to be prescribed by the Commissioner of Agriculture. However, the Uniform Commercial Code repealed Article 5661, and there no longer exists the requirement that the Commissioner of Agriculture prescribe the form of the warehouseman bond to be filed with the County Clerk.

In view of the foregoing, we are of the opinion that the County Clerk may approve any bond filed by a public warehouseman, regardless of whether or not it is on a form prescribed by the Commissioner, if such bond meets the requirements set forth in Article 5569.

The fourth question you have posed is set forth as follows:

"(4) Does either of the bond forms prescribed by the Commissioner of the Texas Department of Agriculture, copies attached, comply with the statutory requirements?"

As concerns the bond to be filed by public warehousemen with the County Clerk, Article 5569 provides in part that:

". . .a bond payable to the State of Texas, with good and sufficient surety, to be approved by said clerk, in the penal sum of five thousand dollars, conditioned for the faithful performance of his duty as a public warehouseman. . . ."

Both the bond form prescribed by the Commissioner of Agriculture prior to June 30, 1966, and the bond form prescribed by the Commissioner of Agriculture after June 30, 1966, specify that the bond is payable to the State of Texas in the sum of five thousand dollars and conditioned upon the filer of such bond faithfully performing his duty as a public warehouseman. In these respects, we are of the opinion that each of the bonds comply with the statutory requirements of Article 5569.

However, the bond form prescribed prior to June 30, 1966, contains the additional condition that ". . .the same is to remain in full force and effect for one year from date. . . ." and the bond form prescribed after June 30, 1966, contains the additional condition that ". . .the same is to remain in full force and effect until notification of cancellation or notice of failure to renew is received by the Texas Department of Agriculture from the Clerk of the County Court."

We are of the opinion that the bond form prescribed prior to June 30, 1966, met the statutory requirements in its use prior to June 30, 1966, for the reason that prior to June 30, 1966, Article 5661 provided for a one (1) year bond. However, we are of the further opinion that after the repeal of Article 5661, which was effective on June 30, 1966, the bond form prescribed prior to June 30, 1966, would no longer comply with the statutory requirements, as Article 5569 does not provide for a time limitation upon the bond. Consequently, the bond form prescribed by the Commissioner of Agriculture prior to June 30, 1966, would not meet the statutory requirements of Article 5569 if used after June 30, 1966.

As to the bond form prescribed by the Commissioner of Agriculture for use after June 30, 1966, we are of the opinion that the provision in such bond form, that the bond was to stay in full force and effect until notification of cancellation or notice of failure to renew was received by the Texas Department of Agriculture contains a condition not provided in the statute.

Furthermore, such a superadded condition which the statute does not require and which would limit or avoid or measure liability by the giving or receipt of notice is without effect and would be invalid. United States Fidelity Co. v. Poetker, 180 Ind. 255, 102 N.E. 372 (1913); Western Cas. & Guaranty Ins. Co. v. Board of Commissioners, 60 Okla. 140, 159 P. 655 (1916). In the latter case, in which a notice requirement was placed in a statutory bond and not provided for in the statute, the Court said:

"Here the statute fixes the conditions of the depository bond . . .The Board has no authority to waive any part of the statute nor add anything to it. The bond in controversy, as executed, contains all the conditions required by the statute, with the addition of a condition requiring notice, which tends to modify the statute and to limit the liability. This additional condition, we think, may not be imposed." (159 P. 659)

The fifth question you have posed is set forth as follows:

"(5) Does the form of application for certificate of public warehouseman, a copy of which is attached, comply with the requirements of Article 5569, V.A.C.S.?"

Article 5569 provides in part that:

". . .which certificate shall be issued by said clerk upon a written application, setting forth the location and name of such warehouse or warehouses, and the name of each person, individual or a member of the firm, interested as owner or principal in the management of the same, or, if the warehouse is owned-or managed by a corporation, the name of the president, secretary and treasurer of such corporation shall be stated. . . ."

After a study of the application form attached, which was prescribed by the Texas Department of Agriculture, we are of the opinion that it complies with the requirements of Article 5569, as such application form provides for the setting forth of the information required by Article 5569.

The sixth and seventh questions you have posed are set forth as follows:

"(6) Does the County Clerk have any duty with respect to an application for public warehouseman, tendered to him, other than the filing of same?"

"(7) Does the County Clerk have any duty with respect to the bond submitted with the application mentioned in (6) above, other than the approval and filing of such bond?"

After a study of the provisions of Article 5569, we are of the opinion that a County Clerk has the duty, prior to issuing a certificate to a public warehouseman, to ascertain whether the application for such certificate contains the information required to be set forth in the application by Article 5569. In addition, the County Clerk should examine the bond filed with the application to ascertain whether it complies with the requirements set forth in Article 5569. If both the application for certificate and the bond meet the requirements of Article 5569, then the County Clerk is required to issue a certificate to the public warehouseman. The bond

and the application for the certificate are required to be filed by the County Clerk, and in addition, such bond and application are to be preserved in the office of the County Clerk.

### S U M M A R Y

The County Clerk has no statutory duty, pursuant to Article 5569, to send copies of certificates issued to public warehousemen to the Texas Department of Agriculture or to notify the Texas Department of Agriculture of any notifications the County Clerk has received concerning a public warehouseman's bond.

The Commissioner of Agriculture has no authority to prescribe duties for County Clerks concerning bonds and certificates of public warehousemen over and above those duties set forth in Article 5569.

The County Clerk may approve any bond filed by a public warehouseman so long as such bond meets the requirements of Article 5569. Such bonds do not have to be in the form prescribed by the Commissioner of Agriculture.

Neither of the bond forms submitted presently comply with Article 5569.

The application for certificate for public warehousemen prescribed by the Commissioner of Agriculture complies with the provisions of Article 5569.

A County Clerk has the duty, prior to issuing a certificate to a public warehouseman, to ascertain whether the application for such certificate and the bond filed with such application meets the requirements of Article 5569. The County Clerk also has the duty to file and preserve the applications and bonds filed with him by public warehousemen.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Fainter
Howard Fender
Dyer Moore, Jr.
John Reeves

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.